# U.S. District Court
# District of Maryland (Baltimore)
# CRIMINAL DOCKET FOR CASE #: <u>1:19−mj−00328−JMC</u> All Defendants

Case title: USA v. Johnson  
Other court case number: 18−cr−00388 US District Court for the District of Columbia

Date Filed: 01/25/2019

Assigned to: Magistrate Judge J. Mark Coulson

**Defendant (1)**

**Charese Johnson**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**  represented by  **Peter J Martinez**
Office of the United States Attorney
36 S Charles St
Baltimore, MD 21230
14102094800
Fax: 14109620717
Email: peter.martinez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/25/2019 | 1 | 3 | Rule 5(c)(3) Documents Received as to Charese Johnson (sd3s, Deputy Clerk) (Entered: 01/28/2019) |
| 01/25/2019 | 2 |  | Initial Appearance in Rule 5(c)(3) Proceedings as to Charese Johnson held on 1/25/2019 before Magistrate Judge J. Mark Coulson.(FTR 7B–Downs.) (sd3s, Deputy Clerk) (Entered: 01/28/2019) |
| 01/25/2019 | 3 | 16 | CJA 23 Financial Affidavit by Charese Johnson (sd3s, Deputy Clerk) (Entered: 01/28/2019) |
| 01/25/2019 | 4 | 17 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Charese Johnson. Signed by Magistrate Judge J. Mark Coulson on 1/25/2019. (sd3s, Deputy Clerk) (Entered: 01/28/2019) |
| 01/25/2019 | 5 | 18 | WAIVER of Rule 5(c)(3) Hearing by Charese Johnson(sd3s, Deputy Clerk) (Entered: 01/28/2019) |
| 01/25/2019 | 6 | 19 | ORDER Setting Conditions of Release as to Charese Johnson. Signed by Magistrate Judge J. Mark Coulson on 1/25/2019. (sd3s, Deputy Clerk) (Entered: 01/28/2019) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 3, 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. |
| v. | * | |
| | * | VIOLATIONS: |
| JOHNNY ANDREW MOORE SR., | * | |
| a.k.a. JOHNNY ANDREWS MOORE SR., | * | 18 U.S.C. § 371 (Conspiracy to Defraud the United States) |
| | * | |
| MARIA FORD MOORE, and | * | 26 U.S.C. § 7206(2) (Aiding and Assisting the Preparation of a False Return) |
| CHARESE JOHNSON, a.k.a. CHARESE ADESALU, | * | |
| | * | 26 U.S.C. § 7206(1) (Making and Subscribing a False Return) |
| Defendants. | * | |

\*\*\*\*\*\*\*

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At times relevant to the Indictment:

I. <u>Overview</u>

1. From in or about calendar year 2013 to in or about calendar year 2016, JOHNNY ANDREW MOORE SR. and MARIA FORD MOORE conspired with each other, CHARESE JOHNSON, and others to file Forms 1041, U.S. Income Tax Returns for Estates and Trusts (hereinafter "Forms 1041"), and Forms 1040X, Amended U.S. Individual Income Tax Returns (hereinafter "Forms 1040X"), all to fraudulently obtain refunds from the U.S. Treasury.

1

II. Individuals and Entities

2.  Defendants JOHNNY ANDREW MOORE SR., a.k.a. JOHNNY ANDREWS MOORE SR. (hereinafter "JOHNNY MOORE") and MARIA FORD MOORE (hereinafter "MARIA MOORE" and collectively, with JOHNNY MOORE, "the MOORES") resided as a married couple in Washington, District of Columbia.

3.  CO-CONSPIRATOR 1, who is not charged herein, resided in Rocky Mount, North Carolina, where he owned and operated a business that provided various financial services, including tax return preparation services.

4.  Defendant CHARESE JOHNSON, a.k.a. CHARESE ADESALU (hereinafter "JOHNSON") resided in Aberdeen, Maryland, from where she operated a tax preparation business.

5.  The Internal Revenue Service (hereinafter "IRS"), an agency within the U.S. Department of Treasury, was responsible for administering and enforcing federal revenue laws and regulations regarding the ascertainment, computation, assessment and collection of taxes owed to the United States.

6.  Created in His Image Express Trust (hereinafter "Created in His Image") was a name used to obtain an Employer Identification Number (hereinafter "EIN"), a unique taxpayer entity identification, from the IRS for a purported trust, and to open a credit union account (ending in -1373) in the name of the purported trust. JOHNNY MOORE was the purported trustee and purported fiduciary of Created in His Image. MARIA MOORE was the purported beneficiary of Created in His Image. The MOORES' home street address was used to open the account (ending in -1373) in the name of Created in His Image. According to the IRS Form SS-4 submitted to

2

obtain an EIN for the purported trust, Created in His Image was established in December 2007 and its mailing address was the **MOORES'** Post Office Box (hereinafter "P.O. Box").

7. After His Likeness Express Trust (hereinafter "After His Likeness") was a name used to obtain an EIN from the IRS for a purported trust. **MARIA MOORE** was the purported fiduciary of After His Likeness. According to the IRS Form SS-4 submitted to obtain an EIN for After His Likeness, the purported trust's mailing address was the **MOORES'** P.O. Box.

## COUNT ONE
### (Conspiracy to Defraud the United States)

8. The factual allegations contained in Paragraphs 2 through 7 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

### *THE CONSPIRACY*

9. From in or about 2013 through 2016, the exact dates being unknown to the Grand Jury, in the District of Columbia and elsewhere, **JOHNNY ANDREW MOORE SR.**, a.k.a. **JOHNNY ANDREWS MOORE SR.**, **MARIA FORD MOORE**, and **CHARESE JOHNSON**, defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury, including CO-CONSPIRATOR 1, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

### *MANNER AND MEANS OF THE CONSPIRACY*

10. The manner and means by which the **MOORES, JOHNSON**, and others, known and unknown to the Grand Jury, sought to accomplish the object of the conspiracy included,

3

among other things, the following:

    a. With respect to Forms 1041:

        i. The **MOORES** established purported trusts of which they were the fiduciaries.

        ii. The **MOORES** aided and assisted CO-CONSPIRATOR 1 in the preparation of Forms 1041 reporting false withholdings and requesting refunds to which the **MOORES** were not entitled.

        iii. The **MOORES** caused CO-CONSPIRATOR 1 to file Forms 1041 on behalf of the **MOORES'** purported trusts and obtained at least one refund to which they were not entitled.

        iv. The **MOORES**, **JOHNSON**, and CO-CONSPIRATOR 1 prepared documents to submit to the IRS in an attempt to obstruct collection of their fraudulently obtained refund.

    b. With respect to Forms 1040X:

        i. The **MOORES**, **JOHNSON**, and others prepared and filed, and caused to be prepared and filed, Forms 1040X to obtain refunds to which they were not entitled.

        ii. The **MOORES**, **JOHNSON**, and others prepared and filed, and caused to be prepared and filed, other documents that purported to "support" the false tax returns.

        iii. The **MOORES** prepared and submitted, and caused to be prepared and submitted, documents to obstruct collection of civil penalties imposed

4

by the IRS with respect to their Forms 1040X.

11. It was further part of the conspiracy that the **MOORES, JOHNSON,** and CO-CONSPIRATOR 1 would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

## *OVERT ACTS*

12. In furtherance of the conspiracy, and to effect the object thereof, the following overt acts, among others, were committed in the District of Columbia and elsewhere:

### *Overt Acts Related to False Forms 1041*

a. On or about July 3, 2013, **JOHNNY MOORE** sent an email to CO-CONSPIRATOR 1 telling CO-CONSPIRATOR 1 that the **MOORES** wanted a "private trust" and instructing CO-CONSPIRATOR 1 to call "this number and talk to my associate Maria...( my wife and personal friend of [REDACTED]) at (202) [XXX]-[XXXX] !"

b. On or about July 25, 2013, the **MOORES** applied for, and caused to be applied for, an EIN in the name of Created in His Image by electronically submitting an IRS Form SS-4.

c. On or about July 29, 2013, **JOHNNY MOORE** opened and caused to be opened a credit union account (ending in -1373) in the name of Created in His Image.

d. On or about July 30, 2013, **JOHNNY MOORE** emailed and caused to be emailed to CO-CONSPIRATOR 1 a signed agreement for "consulting services," including tax preparation services.

e. On or about August 1, 2013, **JOHNNY MOORE** paid

5

CO-CONSPIRATOR 1 $2,046.60 via PayPal with the subject line "Treasury Offset Program."

  f.  On or about August 6, 2013, **JOHNNY MOORE** emailed CO-CONSPIRATOR 1 asking for help to "hold them off" after the IRS requested that **JOHNNY MOORE** file returns from 2008 to the present for Created in His Image.

  g.  On or about October 3, 2013, CO-CONSPIRATOR 1 electronically filed and caused to be filed a false and fraudulent Form 1041 for Created in His Image, which reported "JOHNNY ANDREWS MOORE TTEE" as the fiduciary. This return falsely claimed that $519,211 in federal income tax had been withheld, and fraudulently requested a refund in the same amount, when, in fact, no taxes had been withheld and no refund was due.

  h.  On or about April 25, 2014, **JOHNNY MOORE** retrieved, and caused to be retrieved, from the P.O. Box in Washington, DC, a U.S. Treasury refund check payable to Created in His Image in the amount of approximately $527,425.87.

  i.  On or about April 25, 2014, **JOHNNY MOORE** endorsed the U.S. Treasury refund check for approximately $527,425.87 and deposited it, and caused it to be deposited, into a credit union account in the name of Created in His Image ending in -1373.

  j.  On or about May 1, 2014, the **MOORES** transferred, and caused to be transferred, approximately $77,882 from the credit union account ending in -1373 to a joint account in their names.

  k.  On or about May 1, 2014, the **MOORES** paid CO-CONSPIRATOR 1 approximately $77,882 using a cashier's check.

  l.  On or about June 30, 2014, the **MOORES** applied for, and caused to be applied for, an EIN in the name of After His Likeness.

6

m. On or about August 20, 2014, **JOHNSON** emailed to **JOHNNY MOORE**, and **JOHNNY MOORE** subsequently forwarded to CO-CONSPIRATOR 1, the following documents related to **JOHNNY MOORE**'s fraudulent Form 1041 submitted on behalf of Created in His Image:

   i. A document to be sent to the IRS threatening to file a criminal complaint against the IRS;

   ii. An annotated copy of the IRS transcript for the 2012 tax year Form 1041 submitted on behalf of Created in His Image; and

   iii. A Form 4506, Request for Copy of Tax Return, to request a copy of the 2012 tax year Form 1041 for Created in His Image.

n. On or about August 29, 2014, after **JOHNNY MOORE** received a letter stating that his credit union would send levied funds to the IRS on September 12, 2014, he emailed **JOHNSON** documents he had received from CO-CONSPIRATOR 1, told her the purpose of the materials was "to give [them] to the bank representative to stop them from sending my money back t[o] IRS," and asked her to "check it out."

o. On or about August 31, 2014, **JOHNNY MOORE** sent, and caused to be sent, a package to the IRS including a copy of his tax bill in the amount of $639,614.24 and a fake bond in the amount of $1 million dollars as a purported deposit.

p. On or about September 16, 2014, **JOHNSON** emailed CO-CONSPIRATOR 1 and asked CO-CONSPIRATOR 1 to call her because she was "preparing the Freedom docs for the Moores to release their IRS funds." **JOHNSON** further wrote, "I need help with the freedom docs you sent them for me to complete," asked CO-CONSPIRATOR 1 if

7

they could speak by phone, and informed him, "I will complete the docs tomorrow."

q. On or about September 17, 2014, **MARIA MOORE** left a voice message for an IRS Revenue Officer falsely denying that the **MOORES** owed the IRS any money.

r. On or about October 6, 2014, **MARIA MOORE** spoke with CO-CONSPIRATOR 1 over the telephone to discuss filing another Form 1041.

s. On or about October 7, 2014, **JOHNNY MOORE** emailed CO-CONSPIRATOR 1 asking him to email all the instructions that **MARIA MOORE** would need to complete the process that **MARIA MOORE** and CO-CONSPIRATOR 1 had discussed the prior day.

t. On or about October 14, 2014, **JOHNNY MOORE** emailed CO-CONSPIRATOR 1 an agreement for CO-CONSPIRATOR 1's services signed by **MARIA MOORE**.

u. On or about October 15, 2014, CO-CONSPIRATOR 1 filed, and caused to be filed, a false and fraudulent Form 1041 on behalf of After His Likeness, for which "MARIA MOORE TRUSTEE" was listed as the fiduciary. This return falsely reported that $796,256 of federal income taxes had been withheld, and fraudulently requested a refund in the same amount, when, in fact, no taxes had been withheld and no refund was due.

*Overt Acts Related to False Forms 1040X*

v. On or about February 18, 2014, the **MOORES** and **JOHNSON** filed and caused to be filed with the IRS a false and fraudulent Form 1040X on behalf of the **MOORES** for tax year 2011 claiming a refund to which the **MOORES** were not entitled. This Form 1040X, signed by the **MOORES** and by **JOHNSON** as a paid preparer, claimed a refundable credit of

8

$416,200 based on a false and fraudulent Form 8281, Information Return for Publicly Offered Original Issue Discount Instruments (hereinafter "Form 8281"), which was attached to the Form 1040X.

w. On or about March 13, 2014, the **MOORES** and **JOHNSON** filed and caused to be filed with the IRS another false and fraudulent Form 1040X on behalf of the **MOORES** for tax year 2011. This Form 1040X, signed by the **MOORES** and by **JOHNSON** as a paid preparer, reported an additional $280,000 in federal income tax withheld, and claimed a refund in the same amount.

x. On July 7, 2014, the **MOORES, JOHNSON**, and their co-conspirators filed and caused to be filed with the IRS a Form 1099-MISC, Miscellaneous Income (hereinafter "Form 1099-MISC") for tax year 2011, purportedly issued by a bank, which falsely and fraudulently reported that **MARIA MOORE** had $280,000 in federal income tax withheld. In fact, the bank did not issue this Form 1099-MISC, never paid **MARIA MOORE** any funds, and never withheld $280,000 in federal taxes from payments made to **MARIA MOORE**.

y. On or about July 15, 2014, the **MOORES, JOHNSON**, and their co-conspirators filed and caused to be filed with the IRS a Form 1099-MISC for tax year 2013, purportedly issued by a bank, which falsely and fraudulently reported that **MARIA MOORE** had $280,000 in federal income tax withheld. In fact, the bank did not issue this Form 1099-MISC, never paid **MARIA MOORE** any funds, and never withheld $280,000 in federal taxes from payments made to **MARIA MOORE**.

z. On or about July 30, 2016, in response to IRS efforts to collect a frivolous return penalty, **MARIA MOORE** sent, and caused to be sent, a letter to the IRS falsely alleging

9

that the IRS had committed an international crime.

(All in violation of 18 U.S.C. § 371)

## COUNTS TWO AND THREE
### (Aiding and Assisting the Preparation of a False Return)

13. The allegations in Paragraphs 2 to 7 of this Indictment are realleged and incorporated in Counts Two and Three of this Indictment as if copied verbatim.

14. On or about the dates listed below, in the District of Columbia and elsewhere, the defendants, **JOHNNY ANDREW MOORE SR.**, a.k.a. **JOHNNY ANDREWS MOORE SR.**, and **MARIA FORD MOORE** did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS, Forms 1041 for the trusts and years listed below. The tax returns were false and fraudulent as to material matters, as follows:

| Count | Approximate Filing Date | Defendant | Trust Name | Tax Year | False and Fraudulent Matters |
|---|---|---|---|---|---|
| 2 | 10/3/13 | JOHNNY MOORE | Created in His Image Express Trust | 2012 | Line 24(e) (Federal income tax withheld): $519,211 (when no federal income tax was withheld)<br><br>Line 29 (Amount to be refunded): $519,211 (when the trust was not entitled to claim any refund) |
| 3 | 10/15/14 | MARIA MOORE | After His Likeness Express Trust | 2013 | Line 24(e) (Federal income tax withheld): $796,256 (when no federal income tax was withheld)<br><br>Line 29 (Amount to be refunded): $796,256 (when the trust was not entitled to claim any refund) |

(All in violation of 26 U.S.C. § 7206(2))

10

## COUNTS FOUR AND FIVE
### (Making and Subscribing a False Return)

15. The allegations in Paragraphs 2 to 7 of this Indictment are realleged and incorporated in Counts Four and Five of this Indictment as if copied verbatim.

16. On or about the dates hereinafter set forth, in the District of Columbia and elsewhere, the defendants, **JOHNNY ANDREW MOORE SR.**, a.k.a. **JOHNNY ANDREWS MOORE SR.**, and **MARIA FORD MOORE** did willfully make and subscribe two joint Forms 1040X, which were verified by a written declaration that they were made under the penalties of perjury and which the MOORES did not believe to be true and correct as to every material matter. The returns were false and fraudulent as to material matters, as follows:

| Count | Approximate Filing Date | Tax Year | False and Fraudulent Matters |
|---|---|---|---|
| 4 | 2/18/14 | 2011 | a) Line 14: Refundable Credit ($416,200) (when the MOORES were not entitled to such a credit) <br><br> b) Line 21: Amount to be refunded ($416,200) (when the MOORES were not entitled to such a refund) |
| 5 | 3/13/14 | 2011 | a) Line 11 (column B): Federal income tax withheld (net change: $280,000) (when no such additional income tax was withheld) <br><br> b) Line 21: Amount to be refunded ($280,000) (when the MOORES were not entitled to such a refund) |

(All in violation of 26 U.S.C. § 7206(1))

## COUNTS SIX AND SEVEN
### (Aiding and Assisting the Preparation of a False Return)

17. The allegations in Paragraphs 2 to 7 of this Indictment are realleged and incorporated in Counts Six and Seven of this Indictment as if copied verbatim.

11

18. On or about the dates hereinafter set forth, in the District of Columbia and elsewhere, the defendant, **CHARESE JOHNSON**, a.k.a. **CHARESE ADESALU**, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the IRS, two joint Forms 1040X for the **MOORES** and for the year listed below. The tax returns were false and fraudulent as to material matters, as follows:

| Count | Approximate Filing Date | Tax Year | False and Fraudulent Matters |
|---|---|---|---|
| 6 | 2/18/14 | 2011 | a) Line 14: Refundable Credit ($416,200) (when the **MOORES** were not entitled to such a credit)<br><br>b) Line 21: Amount to be refunded ($416,200) (when the **MOORES** were not entitled to such a refund) |
| 7 | 3/13/14 | 2011 | a) Line 11 (column B): Federal income tax withheld (net change: $280,000) (when no such additional income tax was withheld)<br><br>b) Line 21: Amount to be refunded ($280,000) (when the **MOORES** were not entitled to such a refund) |

(All in violation of 26 U.S.C. § 7206(2))

A TRUE BILL

_____
FOREPERSON

_____
DATE

*/s/ Rosemary E. Paguni*
ROSEMARY E. PAGUNI
Chief, Northern Criminal Enforcement Section
Department of Justice, Tax Division

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                             Case No.  19-mj-00328-JMC

CHARESE JOHNSON

\* \* \* \* \* \*

### ORDER APPOINTING FEDERAL PUBLIC DEFENDER

The above-named Defendant having been found to be indigent and entitled to appointment of counsel under the Criminal Justice Act, and the government having proffered that they know of no conflict precluding appointment of the Public Defender,

IT IS ORDERED this  25th  day of  January , 2019 , that the Federal Public Defender for the District of Maryland is appointed to represent the above named Defendant.

_____
J. Mark Coulson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 19-mj-00328-JMC |
| | ) | |
| CHARESE JOHNSON | ) | Charging District's Case No. |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* DC District Court

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: January 25, 2019

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Kirstin Hopkins
_____
*Printed name of defendant's attorney*

18

# UNITED STATES DISTRICT COURT
for the
District of Maryland

United States of America )
v. )
) Case No. 19-mj-00328-JMC
CHARESE JOHNSON )
*Defendant* )

2019 JAN 25 P 4:21
RECEIVED
USMS-PRIS OPS
BALTIMORE, MD

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* US District Court for DC, Pretrial Services Ofc
*Place*
333 Constitution Ave
Ste 2214             on    1/28/19 at 9:00 am
Washington, DC 20001                    *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

☐ (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☐ (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (7) The defendant is placed in the custody of (name of person or organization): _____
at an address approved by the Pretrial Services Office.
The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _____   _____
Custodian or Proxy                Date                       Tel. No (only if above is an organization)

19

☑ (8) The defendant must:
- ☐ (a) report to the _____
  telephone number _____, no later than _____
- ☑ (b) report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer.
- ☐ (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ☐ (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ☐ (e) execute a bail bond with solvent sureties in the amount of $ _____
- ☐ (f) maintain or actively seek employment as approved by the U.S. Pretrial Services Officer.
- ☐ (g) maintain or commence an education program.
- ☑ (h) surrender any passport to: Clerk of Court within 3 business days
- ☑ (i) obtain no passport.
- ☑ (j) abide by the following restrictions on personal association, place of abode, or travel:
  Travel restricted to D. MD and D.C. for Court appearances or meetings w/ counsel
- ☑ (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:
  Any co-D or anyone identified in writing by the Gov't.
- ☐ (l) undergo medical or psychiatric treatment: _____
- ☐ (m) abide by a curfew from _____ to _____
- ☐ (n) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ☐ (o) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ☐ (p) refrain from ☐ any ☐ excessive use of alcohol.
- ☐ (q) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ☐ (r) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ☐ (s) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ☐ (t) submit to a location monitoring program
  - ☐ (i) as directed by the supervising officer; or
  - ☐ (ii) restricted to the residence except for employment, education, religious services, medical purposes, substance abuse testing/treatment, mental health treatment, attorney visits, court appearances, or other court ordered obligations; or
  - ☐ (iii) restricted to the residence except for medical purposes, court appearances, or other activities specifically approved by the court.
- ☐ (u) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval of the U.S. Probation or Pretrial Services Officer. The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but not be limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic devices under the defendant's control.
- ☑ (v) Do not open any bank accounts or lines of credit without permission of Pretrial Services. Do not file any taxes other than your own
- ☑ (w) Notify any current or potential employers of pendency of the alleged offense and allow Pretrial Services to verify

20

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Baltimore, MD
*City and State*

### Directions to the United States Marshal

☑ The defendant is ORDERED released after processing.
☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 1/25/19

_____
*Judicial Officer's Signature*

J. Mark Coulson, United States Magistrate Judge
*Printed name and title*

21